**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVA DOLORES ROMERO,<br><br>Defendant. | Case No.: 1:21-cr-00080-3 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 105) |

Eva Dolores Romero is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the recent retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (*See generally* Doc. 105.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction. (Doc. 108.) Defendant did not file a reply. For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

On July 29, 2022, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 75, 78.) Following Defendant's guilty plea, a presentence investigation report was prepared by the probation officer, which indicated a total offense level of 23 and a criminal history score of 10, based on Defendant's numerous prior convictions. (*See* PSR, Doc. 87 ¶¶ 45, 47-65.) According to the sentencing table at U.S.S.G. Chapter 5, Part A, Defendant's criminal history

score placed her in criminal history category V. (PSR ¶ 65.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 84 to 105 months. (PSR ¶ 123.) However, the probation officer noted Defendant's eligibility for "safety valve" relief under the First Step Act and advised the Court to consider a two-level downward variance. (PSR ¶¶ 145-147.)

The Court held a sentencing hearing on November 18, 2022. (*See generally* Docs. 93, 110.) It adopted the findings set forth in the PSR and applied a two-level downward variance under the First Step Act. (Doc. 110 at 8:8-15; 19:22.) The Court also departed from the offense level by two steps based on loss of caretaking under Section 5H1.6 of the Sentencing Guidelines. U.S.S.G. § 5H1.6. (*Id.* at 19:16-21.) This did not alter Defendant's criminal history category and lowered the sentencing guideline range to between 57 and 71 months. (*Id*. at 19:23-24.) The Court imposed a below-guideline sentence of 50 months followed by a 48-month term of supervised release. (*Id.* at 21:2-7, 21:11-12.)

Defendant now asks the Court to reduce her sentence under the new "status points" and "zero-point offender" provisions of Amendment 821. (Doc. 105 at 1.) The Court referred the *pro se* motion to the Office of the Federal Defender as provided by General Order 670. (*See* Doc. 106.) The FDO then filed a notice of non-representation. (Doc. 107.) The Government filed an opposition, asserting that Defendant is "facially ineligible" for a reduction under either provision because she was assigned 10 criminal history points and no status points. (Doc. 108.) Defendant did not file a reply.

**II.     Legal Standard**

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). Those limited circumstances include compassionate release "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(2). To determine if a prisoner is eligible for relief under § 3582(c)(2), courts conduct a two-step inquiry. *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the U.S. Sentencing

Commission's policy statement in U.S.S.G § 1B1.10." *Id*. This is done by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Second, the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a) to determine if "the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

### III.     Analysis

Defendant requests relief under Part A and Part B, Subpart 1 of Amendment 821. (*See* Doc. 105 at 1.) Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1. Part B provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1.

Defendant asserts she was not assigned any criminal history points. (Doc. 105 at 2.) However, as indicated in the PSR, which the Court adopted at sentencing, (*see* Doc. 110 at 8:8-10), Defendant's prior criminal convictions resulted in ten criminal history points, which resulted in a criminal history category V. (PSR ¶ 63.) Because § 4C1.1 requires that Defendant received no criminal history points, she is not entitled to an offense level reduction under this provision. In addition, Defendant was not assigned any status points, (*see* PSR ¶¶ 63-64), and thus, she does not qualify for a status point adjustment under § 4A1.1 because, as the Government notes, "she did not receive any status points in the first instance." (Doc. 108 at 4.) Accordingly, because Amendment 821 does not impact Defendant's sentencing guideline range, she is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the Court does not consider the § 3553(a) sentencing factors. *Dillon*, 560 U.S. at 827.

///
///
///
///
///

## IV.     Conclusion and Order

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 105), is **DENIED**.

IT IS SO ORDERED.

Dated:     **September 3, 2024**

_____
UNITED STATES DISTRICT JUDGE